Good morning your honors. You may please. Just a moment counsel. Okay. We will hear argument from counsel for the petitioner appellants. Mr. Milgram. Yes your honor. You may proceed. Thank you. Good morning and may it please the court. My name is Steve Milgram and I represent the appellants in this case Tung and Hugh Pham Dang. I request to reserve three minutes of my time for rebuttal. I'd like to start with three points. Tax court's denial of our claim for litigation costs rejects this court's decision in Huffman v. Commissioner that a court should not look solely to the answer to determine if the commissioner's position was substantially justified. That the court should examine the party's conduct at each stage of the case. Two, the practical result of the tax court's interpretation of the commencement date rule is that all CDP hearings are barred from cost recovery because all administrative costs will have been incurred prior to what the tax court deems to be the commencement date. This conflicts with both the statute and the regulations interpretation that an award of fees and costs is permissible with the underlying CDP hearing where the tax is at issue in the underlying CDP hearing. Three, the tax court's interpretation of the commencement date rule fundamentally changes its operation by ignoring the command of the statute that the commencement date document shall be the earliest of the following three documents. The statute requires choosing from among the documents and it is antithetical to an interpretation that ignores two out of three documents set forth in the statute. In addition, the tax court's interpretation of the appeals decision document is contrary to the statute's definition of that document. The tax court and the commissioner never addressed that conflict between the regulations definition and the one that the tax court adopted and the commissioner advocates. The commissioner's arguments are inconsistent. In connection with our claim for administrative costs, he argues that there was no administrative proceeding. Then he reverses himself with respect to our litigation cost claim and he wants to treat the CDP hearing held in this case as an administrative proceeding for purposes of applying the bifurcation rule approved in Huffman. Then he goes back to claiming that there was no administrative proceeding for purposes of the presumption of no substantial justification rule. All these gyrations can be avoided by simply following the definition set forth in the statute of an administrative proceeding as any procedure or action before the Internal Revenue Service. This would include all... Are you saying that the entire case is all administrative proceedings? In other words, we shouldn't look to a difference between administrative litigation? No, your honor. We've submitted a claim for both administrative proceedings and litigation costs, but the commissioner argues that there was no administrative proceeding in this case. He says, and if that's the case, Huffman, the bifurcation rule is based on there being both an administrative proceeding and litigation. Counsel, when you say the commissioner says there's no administrative proceeding, actually is the commissioner saying there's a distinction between the examination dispute and the collection dispute and you look at them separately as opposed to a continuum? No, your honor. I'm not referring to that distinction. The commissioner's position is that a CDP hearing is not an administrative proceeding. I'm not going back to the deficiency procedures that took place in this case. Solely talking about the CDP hearing and the commissioner's position with regard to our administrative cost claim is that there was no step forth in regulation 301.7430-3A4 and subsection B. It does not meet the definition of an administrative proceeding. And so the commissioner's logic is if there is no administrative proceeding, you are not entitled to any administrative costs. Well, we have to resolve this without regard to people's positions. And the examination dispute, it appears, ended in 2015. And then there was a separate problem when plaintiffs, your clients, failed to pay the amount they owed, which is a collections dispute that started in 2016, as I understand it. And so if I'm not really sure what your position is as to why those two things shouldn't be viewed as two separate items. Because the section 7430 and the commencement date rules, the first language at the end of subsection C2, refers to three documents, all three of which are deficiency documents. They are documents that are issued during the that are related to the stage of the dispute that you are in and you happen to be in a court. Excuse me, the statute refers to an award of costs incurred in connection with such administrative proceeding in the singular. So it has to relate to the specific proceeding. So if you're looking only at the collections dispute starting in 2016, why is the claim timely? I'm sorry, your honor, but I don't agree with that reading of the statute because by definition it cannot operate that way. If the costs have to be incurred in the same proceeding, then you are never entitled to recovery of costs because... So that's not, that can't be true. It may be true in this case, but there can be a collections dispute without having a preceding dispute about the amount and vice versa. There can be a dispute about the amount and then people pay out. So they seem quite distinct logically. Your honor, I agree there can be a collection dispute without a deficiency dispute. However, if the proceeding is the one in which the costs were incurred, then under the commencement date rule, you will never be entitled to an award of costs because the commencement date rule only allows costs incurred after the commencement date document. If you tie the commencement date document to the administrative proceeding, this is exactly what the tax court incorrectly decided. If you tie it to the administrative proceeding, then all costs will precede the commencement date, meaning you never... The other question I have for you is that the tax court said no matter what, no matter which statute applies, the government rebutted a presumption of unreasonableness and was reasonable when it conceded the case and sought the remand at the first possible opportunity. What's wrong with that conclusion by the tax court? It directly conflicts with Huffman. Huffman... The facts were very different in Huffman, very different in Huffman. There was stonewalling, there was perjury, there was extended problem. That's not what happened here. I understand, but if you read SILWA and Pacific Fisheries also, you see that what this court is looking for is the case to be ended based on the settlement giving... And then a settlement on a substantive issue does not resolve... Does not cause... I'm sorry. It requires a settlement on the substantive issue, not just a procedural concession, and yet the case continues. Counsel, at the time, what you asked for was a remand and the government said, sure, let's do that. We did not ask for a remand. We fought a remand tooth and nail. We said there was no point to remand because there was only one possible outcome, and the Supreme Court precedent says that you do not have to play a game of ping pong. That's the NLRB case. I'm happy to provide the full site later. That remand is not necessary where the outcome is clear. There was only one possible outcome here, which was to levy on Mr. Day's IRA. We did not request remand. The government did. We opposed that, and we filed a motion for judgment on the pleadings, which the Judge Arman held in abeyance right up until after the time that the levy was finally issued when he gave them no choice. Counsel, our questions have taken you over time. Your time has expired. May it please the court. My name is Regina Moriarty, and I represent the Commissioner of Internal Revenue. Turning first to the reasonable administrative cost question, the Commissioner's position is based on the statute. As Judge Graber discussed just a moment ago, 7430C2 limits the cost that can be recovered based on those three dates, and as she correctly pointed out, it refers to such proceeding, and that goes along with the kind of parallel limits that are set forth in 7430C7B, which defines the position of the United States, and it says the position of being taken in an administrative proceeding to which 7430 applies. The issue of the levy only occurred in the CDP hearing in this case. It did not occur in any of the deficiency proceedings. In fact, in the deficiency proceedings, taxpayers agreed to a large tax liability. The award of costs, however, is based on the IRS position at a given time in relation to those proceedings, yet taxpayers here are seeking to use the deficiency proceedings to obtain administrative costs in their separate collection proceedings. Indeed, if taxpayers want to use this earlier date, one could question whether or not they could ever be considered a prevailing party, given the large tax debt that they agreed to. Let me be sure I understand that last point. You're saying that if the taxpayer's view is accepted, which is that it was one long proceeding, then the government's position was substantially justified because the taxpayers owed a whole lot of tax that they hadn't agreed to pay. Is that what you're saying? That would just all be theoretical, I guess, because the tax court here never even reached whether or not we were substantially justified. They said these costs didn't meet the statute. I understand. I was trying to understand your argument on that point. I guess my point was just that if they want to broaden what date is going to apply, the service might want to go back and rethink about the position that they didn't really take with regard to reasonable administrative costs, but they did with litigation costs of whether or not costs would be available here at all. You'd have to rethink who was the prevailing party. Would you also address the question that I asked the opposing counsel earlier, which is the tax court's conclusion that even if the presumption in 7430C applies, the government rebutted the presumption by conceding its position immediately, and opposing counsel disagrees with that. Would you discuss that question, please? I'd be happy to, Your Honor. That's looking at the litigation costs that they see in this case, and I think that your point was correct because if you look at the petition that they filed in this case, and there's two attachments to it, an A and a B. In both of those attachments, they specifically say the settlement offer didn't consider our offer, and that was what they wanted to have addressed, and so as soon as the counsel for the commissioner read the petition and realized that there had been a mistake, and realized that the petition wanted, the taxpayers wanted their offer to have their IRA levied on, that the appropriate thing to have happen at that time was to have the case remanded back to appeals so that they could consider that. The commissioner's position in this case would be that the tax court would not have the authority to order a levy on an IRA. When you look at CDP proceedings, when the tax court gets jurisdiction over that determination made by appeals, it's to determine whether or not appeals has abused its discretion. It can't order a levy. It can't order the IRS to enter into an offer in compromise or an installment agreement or any of those other types of things that taxpayers seek when they go before appeals trying to deal with how best to pay their tax debt. What this tax court can do, if it thinks that the appeals officer didn't act correctly, is to remand it to the appeals office. So if I understand your answer, it is that the only procedurally permissible thing was to concede that a remand was proper? Yes. Okay. Yes. Counselor, just to be sure I understand the fundamental position of both parties, opposing counsel thinks this was entirely one administrative proceeding and the commissioner takes the position that no, there are two. There was an administrative proceeding which was complete and then there was a litigation proceeding and therefore two different rules would apply under Pacific Fisheries? Correct. When you're looking to the litigation costs, the statute is very clear, 7430C7, position of the United States, it clearly sets out there's a position taken by the United States in judicial proceedings and a position taken by the United States in administrative proceedings, which is why this court in Huffman and Roberto Lino and read that statute and said, yeah, we have to look at these as two separate events to determine what the position of the United States was and whether or not that's considered a reasonable position. Where does the presumption of no justification fit as between the two? It fits in each of them based on the position of the United States at that given time. Very well. Okay. Further? No, the court has no further questions. We just asked that the decision of the tax court be affirmed. Mr. Milgram, our questions took you over your time. I will allow you one minute to rebuttal if you would like to use it. Yes, thank you, Your Honor. In SILWA, this court stated that section 7430 should be given a broad reading to effectuate the legislative intent to enable taxpayers to vindicate their rights, regardless of economic circumstances. This court decides the case de novo. The tax court's interpretation is not entitled to any deference. The same is true of the IRS regulation relied upon by the commissioner. It was overturned by the 1998 act and is invalid. The commissioner attempts to paint the Danes as uncooperative or non-compliant taxpayers. That is the furthest thing from the truth. Judge Armand saw that point when he said that the case is highly unusual and that the petitioners appear virtually eager to pay their outstanding liabilities in full. Thank you, Your Honor. The case just argued will be submitted for decision.
judges: O'SCANNLAIN, GRABER, Fitzwater